IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:14-CT-3225-F

| | |
|---|---|
| JORGE GALEAS, JR., *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| UNITED STATES OF AMERICA, *et al.*, ) | |
| ) | |
| Defendants. ) | |

On August 28, 2014, Plaintiffs Jorge Galeas, Jr. ("Galeas")[1] and John D. Bullard ("Bullard"), who are both state inmates proceeding pro se, commenced this civil action. Compl. [DE-1]. Plaintiffs have requested leave to proceed without prepayment of the full civil filing fee [DE-3,4], and the matter is now before the undersigned for frivolity review pursuant to 28 U.S.C. § 1915(e)(2)(B).

Title 28 U.S.C. § 1915 provides that courts shall review complaints in which prisoners seek to proceed without prepayment of the civil filing fee and dismiss any case that is "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii); see Neitzke v. Williams, 490 U.S. 319, 328 (1989). A case is frivolous if it "lacks an arguable basis either in law

---

[1] Galeas "is an abusive and frequent filer of Section 1983 actions in this and other federal district courts in this circuit. As of the entry of this Order, he is now subject to the 'three strikes' rule of 28 U.S.C. § 1915(g)." Galeas v. Pinion, No. 3:12-CV-328-RJC, 2014 WL 2013407, at *2 (W.D.N.C. May 16, 2014). Specifically, § 1915(g) allows a court to dismiss a prisoner's action "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

or in fact." Neitzke, 490 U.S. at 325. Claims that are legally frivolous are "based on an indisputably meritless legal theory and include claims of infringement of a legal interest which clearly does not exist." Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994) (quotations omitted). Claims that are factually frivolous lack an "arguable basis" in fact. Neitzke, 490 U.S. at 325. The standard used to evaluate the sufficiency of the pleading is flexible, and a pro se complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam) (quotation omitted). Erickson, however, does not dispense with the "requirement that a pleading contain 'more than labels and conclusions.'" Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)); see Ashcroft v. Iqbal, 556 U.S. 662, 677-80 (2009); Nemet Chevrolet Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255-56 (4th Cir. 2009); Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009). For the reasons discussed below, Plaintiffs' complaint is subject to dismissal.

As an initial matter, Rule 8(a)(2) of the Federal Rules of Civil Procedure provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Although the court must liberally construe a pro se complaint, the United States Supreme Court has made clear that a plaintiff must do more than make conclusory statements to state a claim. See Ashcroft v. Iqbal, 556 U.S. 662, 677–78; Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). Plaintiffs' allegations are conclusory, rambling, and disjointed. Therefore, Plaintiffs' complaint is subject to dismissal for failure to comply with Rule 8(a) in that it does not include a "short and plain statement" of their claims.

Furthermore, the Fourth Circuit has not addressed the issue of payment of fees in a case filed

2

by multiple plaintiffs subject to the Prison Litigation Reform Act ("PLRA"), however, various other federal courts have. See Burke v. Helman, 208 F.R.D. 246, 247 (C.D. Ill. 2002) (collecting cases). For example, the United States Court of Appeals for the Eleventh Circuit held that multiple prisoners may not join in one action or one appeal. Hubbard v. Haley, 262 F.3d 1194, 1198 (11th Cir. 2001) ("Because the plain language of the PLRA requires that each prisoner proceeding IFP pay the full filing fee, we hold that the district court properly dismissed the multi-plaintiff action in this instance"). Other district courts in the Fourth Circuit have cited Hubbard favorably. See, e.g. Williams v. Jones, No. 9:14-CV-00787-RMG-BM, 2014 WL 2155251, at *10 (D.S.C. May 22, 2014) ("this Court has found the reasoning of Hubbard to be persuasive"); Fleming v. Francis, No. 5:13-CV-21991, 2014 WL 2589755, at *1 (S.D.W. Va. June 10, 2014) ("The undersigned finds that multiple-prisoner plaintiffs may not proceed in forma pauperis in the same civil action"); Watterson v. Terrell, No. 1:10CV184-RJC, 2010 WL 3522331, at *1 (W.D.N.C. Sept. 7, 2010) (multiple plaintiffs subject to the PLRA may not join a lawsuit "so as to pro-rate the mandatory filing fee."). In light of these cases, Plaintiffs' motions to proceed without prepayment of fees [DE-3,4] are DENIED and their complaint is subject to dismissal.

Moreover, because Galeas has three strikes, he must show that he is "under imminent danger of serious physical injury" in order to proceed without prepayment of the filing fee. See 28 U.S.C. § 1915(g). This "exception [to the three-strikes rule] focuses on the risk that the conduct complained of threatens continuing or future injury, not on whether the inmate deserves a remedy for past misconduct." Martin v. Shelton, 319 F.3d 1048, 1050 (8th Cir. 2003). Vague, speculative, or conclusory allegations are insufficient to meet the exception to the three-strikes rule. Rather, the inmate must make "specific fact allegations of ongoing serious physical injury, or of a pattern of

3

misconduct evidencing the likelihood of imminent serious physical injury." Id.; Johnson v. Warner, 200 F. App'x 270, 272 (4th Cir. 2006). Bullard is not subject to 1915(g). Nonetheless, as noted above, his claims are still subject to dismissal if they "lack[ ] an arguable basis either in law or in fact." Neitzke, 490 U.S. at 325.

Here, Plaintiffs cite to numerous Bible verses, statutes, legal treatises, and common law propositions. See, e.g., Compl. [DE-1], pp. 2-3. Then, in a rambling and disjointed manner, Plaintiffs attempt to articulate nonsensical claims. For example, Plaintiffs contend that they have been incarcerated or kidnapped without contract or consent. Specifically, Plaintiffs assert that Defendants "order [Plaintiffs] to go out of their [cell] block . . . without [their] consent or contract." Compl. [DE-1], p. 8. Not only do these allegations fail to establish that Galeas is under imminent danger of serious physical injury, they are frivolous on their face. See, e.g., Little v. Leigh, No. 5:14-CT-3137-D, [DE-7], pp. 2-4 (E.D.N.C. July 22, 2014) (unpublished) (collecting cases).

In an abundance of caution, the court also finds that any allegation not specifically addressed herein is speculative, generalized, conclusory, and, ultimately meritless. Iqbal, 556 U.S. at 681 (stating conclusory allegations are "not entitled to be assumed true"); White v. White, 886 F.2d 721, 724 (4th Cir. 1989) (pro se litigant complaints must be liberally construed; however, a minimum level of factual support is required); Little v. Dance, 5:14-CT-3123-FL, [DE-8], p. 4 (E.D.N.C. July 28, 2014) ("If any of [plaintiff's] allegations are not construed as delusional, they are merely legal terminology and not actionable because the claims have no factual support."). Accordingly, Plaintiffs' claims are dismissed as frivolous.

In conclusion, Plaintiffs' motions to proceed without prepayment of fees [DE-3,4] are DENIED. Galeas' claims are DISMISSED pursuant to 28 U.S.C. § 1915(g), and because they are

4

frivolous. Bullard's claims are likewise DISMISSED as frivolous. The Clerk of Court shall close the case.

SO ORDERED. This the 27th day of March, 2015.

*James C. Fox*
JAMES C. FOX
Senior United States District Judge